**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 25-CR-80076-AMC**

**UNITED STATES**,

**v.**

**ELAINE ESCOE,**
**ALFRED DAVIS,**
**GINO JOURDAN,**
**CHER DAVIS,**
**LATOYA CLARK, and**
**JAMES McGHOW,**

      **Defendants**.

_____/

**GOVERNMENT'S FIRST RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. The documents included in this response are numbered USG_00000001 through USG_00247774; LEND_FATLIN00000001 through LEND_FATLIN00000024; LEND_YPCC00000001 through LEND_YPCC00000145; and BOA-02051-295-DOJ-0000001 through BOA-02051-295-DOJ-0000323. This production was mailed by FedEx on June 13, 2025. The tracking numbers are attached.

      This response also complies with Southern District of Florida Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.    1.    The discovery includes relevant written or recorded statements made by the defendant that are within the government's possession, custody, or control.

           2.    The government is unaware of any relevant oral statements made by the

1

defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

3. A defendant in this case testified before the grand jury. The government will produce the transcript of that testimony to counsel for that defendant.

4. The defendants' criminal records are attached at USG_00186413, USG_00186431, USG_00186442, USG_00186448, USG_00186465.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at:  the Office of the United States Attorney, 500 South Australian Ave, Suite 400, West Palm Beach, Florida 33401. Please call the undersigned to set up a date and time that is convenient to both parties.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendants were identified in a photo array, which is included in the production.

2

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.      The government has transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

O.      The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o).  While the government and defense counsel have already discussed a timetable and procedures for pretrial discovery via email, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:    *Jonathan Bailyn*
       Jonathan R. Bailyn, AUSA
       Court ID No. A5502602
       500 South Australian Ave, 4th Floor
       West Palm Beach, Florida 33401
       Phone: (561) 209-1050
       jonathan.bailyn@usdoj.gov

4