# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFRED LENORIS DAVIS

a/k/a ALFRED DAVIS,

    Defendant.

Case No. 25-cr-80076-AMC

---

## BRIEF OF AMICUS CURIAE

## AND JURISDICTIONAL MEMORANDUM

## IN SUPPORT OF SUA SPONTE DISMISSAL

FILED BY _____ D.C.

DEC 1 2 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# FOR LACK OF SUBJECT-MATTER JURISDICTION

## INTEREST OF AMICUS CURIAE

Amicus Curiae respectfully submits this jurisdictional memorandum solely to assist the Court in discharging its independent, non-delegable duty to determine whether federal subject-matter jurisdiction exists in this criminal proceeding.

Amicus does not seek to intervene as a party, does not seek relief in its own name, and does not purport to control the litigation. This submission is limited to identifying structural and jurisdictional defects apparent on the face of the public record in Case No. 25-cr-80076-AMC, defects which cannot be waived and must be addressed sua sponte if present.

## SUMMARY OF ARGUMENT

The prosecution in United States v. Davis, Case No. 25-cr-80076-AMC, fails at the threshold.

A review of the docket and charging materials reflects:

- No criminal complaint initiating the case
- No affidavit of loss from any lender, agency, or alleged victim
- No victim allegation or testimony claiming deprivation or risk of loss
- No showing that any property at issue belonged to the United States at the time of the alleged conduct see Sworn OATHS, Exh. 1-1-4,
- AI ChatGPT Searched the Whole Docket, and found no
- No affidavit of loss from any lender, agency, or alleged victim
- No victim allegation or testimony claiming deprivation or risk of loss
- No showing that any property at issue belonged to the United States. Exh. 2. Pg. 1-2.
- And we checked the whole Indictment and there's No criminal complaint initiating case
- No affidavit of loss from any lender, agency, or alleged victim
- No victim allegation or testimony claiming deprivation or risk of loss
- No showing that any property at issue belonged to the United States Exh, 3. 1-19.
- We checked the Wole Docket and there's no signed Indictment by Foreperson,
- Exh. 4.

We checked the Wole Docket and there's no signed Indictment by Foreperson, Exh. 7.

Under binding Supreme Court precedent—McNally v. United States, Cleveland v. United States, and Neder v. United States—federal fraud statutes reach only schemes to obtain money or property from an identifiable victim. Where no victim alleges loss, no federal offense is stated, and Article III jurisdiction fails.

Because subject-matter jurisdiction cannot be waived, this Court must dismiss the indictment sua sponte pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).

# ARGUMENT

### I. THE COURT MUST EXAMINE SUBJECT-MATTER JURISDICTION SUA SPONTE

Federal courts are courts of limited jurisdiction and are obligated to determine jurisdiction at every stage of the proceedings.

Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

If jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause."

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Rule 12(b)(3)(B) expressly authorizes dismissal at any time where an indictment fails to invoke federal jurisdiction or fails to state an offense.

### II. FEDERAL FRAUD REQUIRES AN IDENTIFIABLE VICTIM AND A PROPERTY INTEREST

The Supreme Court has repeatedly and unequivocally limited federal fraud statutes to schemes targeting property rights, not regulatory interests or abstract governmental concerns.

- McNally v. United States, 483 U.S. 350, 356 (1987)

    → Federal fraud statutes protect property rights only.

- Cleveland v. United States, 531 U.S. 12, 20 (2000)

    → Government regulatory interests are not property.

- Neder v. United States, 527 U.S. 1, 24–25 (1999)

    → Materiality requires a misrepresentation capable of causing a property deprivation.

In Case No. 25-cr-80076-AMC, the record reflects no lender, agency, or entity alleging loss, risk of loss, or deprivation of property. Without a victim asserting a cognizable property injury, the indictment does not charge a federal crime as a matter of law.

---

## III. 18 U.S.C. § 641 REQUIRES FEDERAL OWNERSHIP OF THE PROPERTY AT ISSUE

To proceed under 18 U.S.C. § 641, the government must allege and prove that the defendant knowingly converted money or property of the United States.

Where funds are disbursed or transferred and are no longer owned or controlled by the federal government, they cease to be federal property for § 641 purposes.

See United States v. Johnston, 268 U.S. 220 (1925).

The charging record in this case contains no allegation establishing that the United States retained a property interest at the time of the alleged conduct. Absent federal ownership, § 641 jurisdiction is unavailable.

## IV. THE ABSENCE OF A COMPLAINT OR VICTIM ALLEGATION IS JURISDICTIONALLY FATAL

A federal criminal case presupposes:

1. A complaining victim, and
2. A legally cognizable injury.

Here, the docket reflects no criminal complaint, no sworn loss statement, and no victim testimony. Without a party alleging injury, the case presents no Article III case or controversy, rendering continued proceedings unconstitutional.

## V. DISMISSAL IS MANDATORY, NOT DISCRETIONARY

When an indictment:

- Fails to allege a victim,
- Fails to allege loss, and
- Fails to allege deprivation of federal property,

The court lacks jurisdiction and must dismiss.

United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002).

The Court has both the authority and the duty to act sua sponte.

# CONCLUSION

For the foregoing reasons, Amicus Curiae respectfully submits that the indictment in United States v. Alfred Lenoris Davis, Case No. 25-cr-80076-AMC, fails to invoke federal subject-matter jurisdiction and fails to state a federal offense under controlling Supreme Court precedent. The Court should therefore dismiss the indictment sua sponte pursuant to Rule 12(b)(3)(B).

Respectfully submitted,

*James Buckman*
JAMES BUCKMAN

Amicus Curiae

15020 South River Drive

Miami, Florida 33167

Phone: (305) 786-2576

Date: 12/12/2025