

## SWORN OATH

I MICAHIEL NICHLOSON am a Witness from searching myself and watching Chat GPT search the whole record for Aileen Cannon Case# 25-cr-80076-AMC. And saw that there is no signed indictment, no Complaint from a lender and no Complaint of a loss, no Grand Jury Warrant, no Grand Jury Indictment, no Grand Jury Minutes and no regular Judges Search Warrant on the entire docket on AD'S Case# 25-cr-80076-AMC.

## SWORN OATH

I Attest to all facts being true and correct to the best of my knowledge in accordance with 28 USC 1746 And Florida Statute Chapter 92.525. Executed this 2nd day of December.

MICAHIEL NICHLOSON
15020 S. RIVER DR.
MIAMI FL. 33167



## SWORN OATH

I MACK WELLS am a Witness from searching myself and watching Chat GPT search the whole record for Aileen Cannon Case# 25-cr-80076-AMC. And saw that there is no signed indictment, no Complaint from a lender and no Complaint of a loss, no Grand Jury Warrant, no Grand Jury Indictment, no Grand Jury Minutes and no regular Judges Search Warrant on the entire docket on AD'S Case# 25-cr-80076-AMC.

## SWORN OATH

I Attest to all facts being true and correct to the best of my knowledge in accordance with 28 USC 1746 And Florida Statute Chapter 92.525. Executed this 2nd day of December.

MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

SWORN OATH

I JAMES BUCKMAN am a Witness from searching myself and watching Chat GPT search the whole record for Aileen Cannon Case# 25-cr-80076-AMC. And saw that there is no signed indictment, no Complaint from a lender and no Complaint of a host, no Grand Jury Warrant, no Grand Jury Indictment, no Grand Jury Minutes and no regular Judges Search Warrant on the entire docket on AO's Case# 25-cr-80076-AMC.

SWORN OATH

I Attest to all facts being true and correct to the best of my knowledge in accordance with 28 USC 1746 And Florida Statute Chapter 92.525. Executed this 2nd day of December.

JAMES BUCKMAN
15020 S. RIVER DR.
MIAMI, FL 33167



Exh 1 pg4

## SWORN OATH

I MAURICE SYMONETTE am a Witness from searching myself and watching Chat GPT search the whole record for Aileen Cannon case# 25-cr-80076-AMC. And saw that there is no signed indictment, no complaint from a lender and no Complaint of a loss, no Grand Jury Warrant, no Grand Jury Indictment, no Grand Jury Minutes and no regular Judges Search Warrant on the entire docket on AO's Case# 25-cr-80076-AMC.

## SWORN OATH

I Attest to all facts being true and correct to the best of my knowledge in accordance with 28 USC 1746 And Florida Statute Chapter 92.525. Executed this 2nd day of December.

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167



Exh. 2 pg. 1

9:48

5G 96

**ChatGPT** 5.1 >
Pict

## Your statement is 100% correct.

Across all screenshots, covering entries from early May 2025 through December 2025:

## ✔️ 1. NO Criminal Complaint exists anywhere in the docket.

There is NO:

• "Complaint"

• "Criminal Complaint (ECF No. 1)"

• Agent affidavit

• Probable cause statement

• Lender affidavit

• Sworn victim report

A federal criminal case **cannot begin legally** without one of these documents under **Fed. R. Crim. P. 3–4.**



+  Message Pict



**7:00**  ▪️▪️▫️ 5G 🔋

Exh Z pg2



**ChatGPT** 5.1 ›
Picture





ChatGPT  searched the Whole Docket and witnesses searched to and found no indictment with a foreperson's Signature because it's whited out, no Grand Jury Warrant, no Grand jury Minutes, no Judge's Warrant and no Lender loss Complaint on the whole Docket



 Message Picture  

Exh. 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2025-CR-80076-Cannon/McCabe

**18 U.S.C. § 1343**
**18 U.S.C. § 1349**
**18 U.S.C. § 1956(a)(1)(B)(i)**
**18 U.S.C. § 1956(h)**
**18 U.S.C. § 1957**
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 982(a)(2)(A)**

**UNITED STATES,**

**v.**

**ELAINE ESCOE,**
**ALFRED DAVIS,**
**CHER DAVIS,**
**GINO JOURDAN,**
**LATOYA CLARK, and**
**JAMES McGHOW,**

     **Defendants.**
_____/

FILED BY _____ D.C.

MAY 22 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____  Deputy Clerk
Date 12/4/2025

## **INDICTMENT**

The Grand Jury charges that:

## **GENERAL ALLEGATIONS**

### **COVID-Relief Programs**

1.      The Paycheck Protection Program ("PPP") offered forgivable loans to small businesses to cover payroll and certain operating expenses. To qualify, businesses had to report their number of employees and average monthly payroll and submit supporting documentation. Approved loans were issued by banks and backed by the Small Business Administration ("SBA").

2.      The Economic Injury Disaster Loan ("EIDL") program offered low-interest loans and cash advances to small businesses affected by the pandemic. Applicants had to provide

*Exh. 7*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2025-CR-80076-Cannon/McCabe

**18 U.S.C. § 1343**
**18 U.S.C. § 1349**
**18 U.S.C. § 1956(a)(1)(B)(i)**
**18 U.S.C. § 1956(h)**
**18 U.S.C. § 1957**
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 982(a)(2)(A)**

**UNITED STATES,**

**v.**

**ELAINE ESCOE,**
**ALFRED DAVIS,**
**CHER DAVIS,**
**GINO JOURDAN,**
**LATOYA CLARK, and**
**JAMES McGHOW,**

　　　**Defendants.**

_____/

FILED BY _____ D.C.

MAY 22 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

### COVID-Relief Programs

1.　　The Paycheck Protection Program ("PPP") offered forgivable loans to small businesses to cover payroll and certain operating expenses. To qualify, businesses had to report their number of employees and average monthly payroll and submit supporting documentation. Approved loans were issued by banks and backed by the Small Business Administration ("SBA").

2.　　The Economic Injury Disaster Loan ("EIDL") program offered low-interest loans and cash advances to small businesses affected by the pandemic. Applicants had to provide

information about their revenues, costs, and number of employees. Funds were issued directly by the government and could be used for payroll, rent, and other business expenses.

3.     The Shuttered Venue Operators Grant ("SVOG") program provided grants to live venues, theaters, promoters, and similar businesses. Applicants had to show contracts, booking records, and financial documents to prove eligibility. Grant amounts were based on lost revenue, and funds could be used for payroll and operating costs.

4.     The Restaurant Revitalization Fund ("RRF") gave grants to restaurants and food service businesses that lost revenue due to the pandemic. Applicants had to show gross receipts, operating expenses, and a drop in income. Grant funds were deposited directly and had to be used for payroll and eligible business costs.

## The Defendants

5.     **ELAINE ESCOE** was a resident of Palm Beach County and Miami-Dade County. **ELAINE ESCOE** owned and controlled RBA Global LLC, Luxx Lashes by Lay LLC, Lyfe Concierge LLC, and A&E Event Planning LLC.

6.     **ALFRED DAVIS** was a resident of Miami-Dade County. **ALFRED DAVIS** owned and controlled Quality Professional Finishes LLC, Blackfire Transport LLC, VenturSolutions LLC, Independent Auto Care & Services LLC, A&E Unlimited Services LLC, and VMG Worldwide LLC.

7.     **GINO JOURDAN** was a resident of Palm Beach County. **GINO JOURDAN** owned and controlled 360 Multi-Services LLC, Jourdan Enterprises LLC, and Supreme Clean 360 LLC.

8.     **CHER DAVIS** was a resident of Broward County. **CHER DAVIS** owned and controlled Evolve Financial Services Inc. and Evolve Properties EPI Inc.

9.      **LATOYA CLARK** was a resident of Miami-Dade County.  **LATOYA CLARK**

owned and controlled Luxx Lashes by Lay LLC, Squeeze It Corp., and Tastetunup LLC.

10.     **JAMES McGHOW** was a resident of Miami-Dade County.  **JAMES McGHOW**

owned and controlled Boss Holdings LLC, Apex Home Solutions LLC, Exclusive Lyfestyles Inc.,

and Independent Auto Care & Services LLC.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

11.     The General Allegations section of this Indictment is re-alleged and incorporated

by reference as if fully set forth herein.

12.     From in or around May 2020 and continuing through in or around November 2021,

the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District

of Florida, and elsewhere, the defendants,

**ELAINE ESCOE,**
**ALFRED DAVIS,**
**CHER DAVIS,**
**GINO JOURDAN,**
**LATOYA CLARK,**
**and**
**JAMES McGHOW,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with

others known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise,

and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means

of materially false and fraudulent pretenses, representations, and promises, knowing that the

pretenses, representations, and promises were false and fraudulent when made, and, for the purpose

of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means

of wire communications in interstate commerce, certain writings, signs, signals, pictures, and

sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13.     It was the purpose of the conspiracy and scheme to defraud for the defendants, **ELAINE ESCOE, ALFRED DAVIS, CHER DAVIS, GINO JOURDAN, LATOYA CLARK, and JAMES McGHOW**, and their co-conspirators, to unlawfully enrich themselves and others by, among other things: (a) submitting and causing the submission of false and fraudulent applications for COVID-relief loans or grants made through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; and (b) diverting the loan proceeds for their personal use and benefit and for the use and benefit of others.

## MANNER AND MEANS OF THE CONSPIRACY

14.     The defendants, **ELAINE ESCOE, ALFRED DAVIS, CHER DAVIS, GINO JOURDAN, LATOYA CLARK, and JAMES McGHOW**, and their co-conspirators submitted and caused the submission of false and fraudulent applications for COVID-relief loans and grants.

15.     The COVID-relief applications that the defendants submitted and caused to be contained materially false representations, including:

a.     The number of employees the business employed;

b.     The business's average monthly payroll;

c.     The business's revenue and operational status; and

d.     The business's eligibility for COVID-relief funds.

16.     In support of the COVID-relief applications, the defendants created false and fraudulent bank account statements and false and fraudulent IRS forms, including IRS Form 940s, IRS Form 941s, IRS Form W-3s, and IRS Form 1120s.

17.     From in or around May 2020 to in or around April 2021, the defendants submitted or caused to be submitted approximately 92 false and fraudulent PPP loan applications.

18.     As a result of the applications, at least approximately $29,171,089 in PPP funds were wrongfully disbursed.

19.     On May 20, 2021, the defendants, submitted or caused to be submitted, to the SBA, a false and fraudulent RRF application on behalf of Food Chain Express LLC.  As a result of the RRF application, the SBA wrongfully disbursed $1,198,348 in RRF funds.

20.     In addition, on August 18, 2021, the defendants submitted or caused to be submitted to the SBA, a false and fraudulent SVOG application on behalf of Miami Ent LLC.  As a result of the SVOG application, the SBA wrongfully disbursed $3,859,711 in SVOG proceeds.

21.     After the COVID-relief applications were funded, the defendants directed loan recipients to make payments to, among others, companies controlled by the defendants and their co-conspirators; to withdraw and provide the defendants cash; or to provide the defendants blank, signed checks from accounts of the loan recipient.

22.     To further conceal the nature and source of the funds, the defendants and their co-conspirators shared the proceeds of the COVID-relief fraud by transferring money to each other and companies and bank accounts that they and their co-conspirators controlled.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

23.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

24.     From in or around May 2020 and continuing through in or around June 2023, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ELAINE ESCOE,**
**ALFRED DAVIS,**
**CHER DAVIS,**
**GINO JOURDAN,**
**LATOYA CLARK,**
**and**
**JAMES McGHOW,**

did knowingly and willfully combine, conspire, confederate and agree with persons known and unknown to the Grand Jury, to:

a.    knowingly conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

b.    knowingly engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, 1957.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, 1343.

All in violation of Title 18, United States Code, 1956(h).

<u>**COUNTS 3–20**</u>
**Wire Fraud**
**(18 U.S.C. § 1343)**

25.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

26.     From in or around March 2020 to in or around November 2021, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ELAINE ESCOE,
ALFRED DAVIS,
CHER DAVIS,
GINO JOURDAN,
LATOYA CLARK,
and
JAMES McGHOW,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

27.     Paragraphs 4 through 13 of this Indictment are re-alleged and incorporated as a description of the purpose of the scheme and artifice.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

28.     Paragraphs 14 through 20 of this Indictment are re-alleged and incorporated as a description of the manner and means of the scheme and artifice.

## USE OF THE WIRES

29.     On or about the dates specified below, in the Southern District of Florida, the defendants, **ELAINE ESCOE, ALFRED DAVIS, CHER DAVIS,  GINO JOURDAN, LATOYA CLARK, and JAMES McGHOW,** for the purpose of executing and in furtherance of

the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false or fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, pictures, and sounds, as particularly described below:

| Count | Approximate Date | Use of the Wires |
|---|---|---|
| 3 | May 17, 2020 | The submission of a PPP application on behalf of VMG Worldwide LLC. |
| 4 | May 17, 2020 | The submission of a PPP application on behalf of Apex Home Solutions LLC. |
| 5 | May 18, 2020 | The submission of a PPP application on behalf of Evolve Financial Services, Inc. |
| 6 | May 18, 2020 | The submission of a PPP application on behalf of Lentech Group Incorporated. |
| 7 | May 21, 2020 | The submission of a PPP application, on behalf of RBA Global LLC. |
| 8 | May 25, 2020 | The submission of a PPP application on behalf of Independent Auto Care & Services LLC. |
| 9 | June 24, 2020 | The submission of a PPP application, on behalf of Lyfe Concierge LLC. |
| 10 | June 25, 2020 | The submission of a PPP application on behalf of Jourdan Enterprises LLC. |
| 11 | June 26, 2020 | The submission of a PPP application on behalf of Supreme Clean 360 LLC. |
| 12 | June 27, 2020 | The submission of a PPP application, on behalf of Baxters Management Group LLC. |
| 13 | June 27, 2020 | The submission of a PPP application on behalf of Grapevine Consulting Inc. |
| 14 | June 29, 2020 | The submission of a PPP application on behalf of Evolve Properties EPI Inc. |
| 15 | June 29, 2020 | The submission of a PPP application on behalf of Quality Professional Finishes LLC. |
| 16 | June 30, 2020 | The submission of a PPP application on behalf of Boss Holdings LLC. |
| 17 | December 15, 2020 | The submission of an EIDL application on behalf of Independent Auto Care & Services LLC. |

| Count | Approximate Date | Use of the Wires |
|-------|-----------------|------------------|
| 18 | March 11, 2021 | The submission of a PPP application on behalf of Food Chain Express LLC. |
| 19 | May 20, 2021 | The submission of an RRF application on behalf of Food Chain Express LLC. |
| 20 | August 18, 2021 | The submission of an SVOG application on behalf of Miami Ent LLC. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS 21-38
### Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

30.     The General Allegations section of this Indictment is re-alleged and incorporated

by reference as if fully set forth herein.

31.     On or about the dates specified below, in Palm Beach County, in the Southern

District of Florida, and elsewhere, the defendants,

**ELAINE ESCOE,**
**ALFRED DAVIS,**
**CHER DAVIS,**
**GINO JOURDAN,**
**LATOYA CLARK, and**
**JAMES McGHOW,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate

commerce, which financial transaction involved the proceeds of specified unlawful activity,

knowing the property involved in the financial transaction represented the proceeds of some form

of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal

and disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity, as described below:

| Count | Defendants | Approximate Date | Description |
|---|---|---|---|
| 21 | ALFRED DAVIS | June 4, 2020 | Deposit of a check, dated June 4, 2020, issued from an account ending in 3879 at Wells Fargo in the name of Flex Marketing & Promotions, Inc., in the approximate amount of $59,000.00, into an account ending in 8549 in the name of Quality Professional Finishes LLC, at TD Bank. |
| 22 | JAMES McGHOW | July 1, 2020 | Deposit of a check, dated July 1, 2020, issued from an account ending in 8583 at JPMorgan Chase in the name of Squeeze It Corp, in the approximate amount of $65,571.25, into an account ending in 3096 in the name of Independent Auto Care & Services LLC, at JPMorgan Chase. |
| 23 | JAMES McGHOW | July 2, 2020 | Deposit of a check, dated July 1, 2020, issued from an account ending in 6733 at JPMorgan Chase in the name of Luxx Lashes by Lay, in the approximate amount of $61,546.62, into an account ending in 3096 in the name of Independent Auto Care & Services LLC, at JPMorgan Chase. |
| 24 | ELAINE ESCOE | July 2, 2020 | Deposit of a check, dated July 1, 2020, issued from an account ending in 1513 at Bank of America in the name of Real Great Deals Inc, in the approximate amount of $50,320.00, into an account ending in 8412 in the name of RBA Global LLC, at TD Bank. |
| 25 | LATOYA CLARK | July 15, 2020 | Deposit of a check, dated July 12, 2020, issued from an account ending in 1513 at Bank of America in the name of Real Great Deals Inc, in the approximate amount of $44,600.00, into an account ending in 3803 in the name of Squeeze It Corp, at PNC Bank. |

| Count | Defendants | Approximate Date | Description |
|-------|------------|------------------|-------------|
| 26 | **CHER DAVIS** | July 24, 2020 | Deposit of a check, dated July 24, 2020, issued from an account ending in 5282 at Truist Bank in the name of Lavixx Solutions LLC, in the approximate amount of $46,390.00, into an account ending in 5766 in the name of Evolve Properties EPI Inc., at Truist Bank. |
| 27 | **CHER DAVIS** | July 27, 2020 | Deposit of a check, dated July 17, 2020, issued from an account ending in 3723 at PNC Bank in the name of Tastetunup LLC, in the approximate amount of $25,000.00, into an account ending in 4140 in the name of Evolve Financial Services, Inc., at Truist Bank. |
| 28 | **ALFRED DAVIS** | February 16, 2021 | Deposit of a check, dated February 15, 2021, issued from an account ending in 8534 at TD Bank in the name of Ican Ko Fitness LLC, in the approximate amount of $39,323.00, into an account ending in 7502 in the name of VMG Worldwide, at Truist Bank. |
| 29 | **LATOYA CLARK** | March 8, 2021 | Deposit of a check, dated March 5, 2021, issued from an account ending in 2513 at JPMorgan Chase in the name of CSJ Global Enterprises, LLC, in the approximate amount of $43,000.00, into an account ending in 2543 in the name of Tastetunup LLC, at Wells Fargo. |
| 30 | **GINO JOURDAN** | March 25, 2021 | Deposit of a check, dated March 25, 2021, issued from an account ending in 8159 at Truist Bank in the name of Hair A La Mode, LLC, in the approximate amount of $23,040.00, into an account ending in 9425 in the name of 360 Multi-Services LLC, at Truist Bank. |
| 31 | **LATOYA CLARK** | March 30, 2021 | Deposit of a check, dated March 30, 2021, issued from an account ending in 5068 at Wells Fargo in the name of Ice Collection & Co LLC, in the approximate amount of $37,369.00, into an account ending in 6592 in the name of Squeeze It Corp, at Wells Fargo. |

| Count | Defendants | Approximate Date | Description |
|-------|-----------|------------------|-------------|
| 32 | ELAINE ESCOE | March 30, 2021 | Deposit of a check, dated March 30, 2021, issued from an account ending in 5068 at Wells Fargo in the name of Ice Collection & Co LLC, in the approximate amount of $42,582.40, into an account ending in 3668 in the name of A&E Event Planning LLC, at Truist Bank. |
| 33 | GINO JOURDAN | April 1, 2021 | Deposit of a check, dated March 29, 2021, issued from an account ending in 4663 at Wells Fargo in the name of King Marketing Group LLC, in the approximate amount of $32,500.00, into an account ending in 8071 in the name of Jourdan Enterprises, LLC, at Bank of America. |
| 34 | CHER DAVIS | April 9, 2021 | Deposit of a check, dated April 9, 2021, issued from an account ending in 2873 at Truist Bank in the name of Carpe Diem Clothing Store LLC, in the approximate amount of $35,027.50, into an account ending in 5766 in the name of Evolve Properties EPI Inc., at Truist Bank. |
| 35 | ALFRED DAVIS | July 23, 2021 | Deposit of a check, dated July 23, 2021, issued from an account ending in 0594 at TD Bank in the name of Food Chain Express LLC, in the approximate amount of $57,890.00, into an account ending in 3714 in the name of Blackfire Transport LLC, at Truist Bank. |
| 36 | ELAINE ESCOE | November 24, 2021 | Deposit of a check, dated November 24, 2021, issued from an account ending in 2431 at TD Bank in the name of Miami Ent LLC, in the approximate amount of $67,392.40, into an account ending in 1779 in the name of Lyfe Concierge LLC, at Synovus Bank. |

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

JONATHAN BAILYN
ASSISTANT UNITED STATES ATTORNEY



Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____
Date 12 4 2025          Deputy Clerk

-19-