IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CR-80076-CANNON

UNITED STATES OF AMERICA

vs.

LATOYA CLARK,

    Defendants.
_____/

**DEFENDANT'S CORRECTIONS, CLARIFICATIONS
AND OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

    COMES NOW, the Defendant, LATOYA CLARK, by and through her undersigned attorney, and respectfully files the following Corrections, Clarifications, and Objections to the Pre-Sentence Investigation Report, dated February 13, 2026, and would specifically state the following:

    1. The Defendant would clarify paragraphs 7 through 140 of the Pre-Sentence Investigation Report to reflect that she was unaware of the criminal activities of co-conspirators named within the report or that she intended to join a conspiracy with the intent to submit and launder the proceeds of fraudulent applications for COVID relief loans and grants under the PPP, EIDL, SVOG, and RRF. The Defendant would further state that she was unaware of any fraudulent activities associated with accounts that were titled in her name or that of her company names. Any bank account that was used in furtherance of the criminal activity involving this case that was related to the Defendant was either fraudulently taken over and controlled by Co-Conspirator Elaine Escoe and others. The Defendant maintains that she was unaware and had no knowledge of any fraud related to her accounts. The Defendant specifically objects to

paragraphs 69 through 84, with regard to any suggestion that she had knowledge or intended any fraudulent activity.

2. The Defendant objects to paragraph 143 of the Pre-Sentence Investigation Report inasmuch as it suggests that she controlled several accounts that received kickback checks. The Defendant did not control shell companies that applied for fraudulent PPP loans. The Defendant should not be held responsible for a loss amount of $32,953.704.

3. The Defendant would also object to paragraphs 143 and 163. The Defendant should be entitled to a minimal role reduction, pursuant to U.S.S.G.§ 3B1.2(a). The Defendant testified at trial that she believed she was performing legitimate errands and administrative tasks at the direction of Ms. Elaine Escoe and that she lacked knowledge of any unlawful activity. She maintains that position. Nevertheless, even assuming the jury concluded that she possessed sufficient knowledge to sustain a conviction, the evidence demonstrated that she had no decision-making authority, no proprietary interest in any alleged proceeds, no role in planning or organizing the scheme, and no discretion over the use of funds deposited into her accounts. She received only basic, fixed compensation for tasks performed at Ms. Escoe's direction and did not share in any alleged profits. Her role, at most, was ministerial and subordinate — placing her among the least culpable participants described in the offense conduct. Accordingly, the Defendant qualifies for a four-level reduction as a minimal participant pursuant to U.S.S.G. §3B1.2(a).

4. The Defendant objects to paragraph 146 of the Pre-Sentence Investigation Report. The Defendant did not knowingly provide James McGhow with any fraudulent documents.

5. The Defendant clarifies paragraph 153 to state that, despite the jury verdict, she

maintains her innocence as to those counts the jury concluded she was guilty of. The Defendant was found not guilty of counts 3 through 20, and the Court entered a Judgment of Acquittal as to those counts. [DE 200]. The Defendant filed a Renewed Motion for Judgment of Acquittal or Motion for New Trial, [DE 191]. The government filed a response in opposition. [DE 206]. The matter is still pending before the Court.

6. The Defendant objects to paragraph 160 of the Pre-Sentence Investigation Report. The Defendant was found not guilty of counts 3 through 20, which encompassed the substantive wire fraud counts involving the application and receipt of PPP, EIDL, SVOG, and RRF funds. The loss that directly relates to these offenses total $9,030,300.45.

| **Company** | **Loan Amount** | **Count** |
| --- | --- | --- |
| VMG Worldwide LLC | $179,422 | Count 3 |
| Apex Home Solutions | $198,355 | Count 4 |
| Evolve Financial Services | $178,258 | Count 5 |
| Lentech Group Incorp. | $180,932 | Count 6 |
| RBA Global LLC | $176,652 | Count 7 |
| Independent Auto Care and Service | $461,305 | Count 8 |
| Lyfe Concierge, LLC | $86,956 | Count 9 |
| Jordan Enterprises LLC | $485,690 | Count 10 |
| Supreme Clean 360 LLC | $73,148 | Count 11 |
| Baxters Management Group LLC | $418,803 | Count 12 |
| Grapevine Consulting Inc. | $451,000 | Count 13 |
| Evolve Properties EPI Inc | $121,534 | Count 14 |
| Qualify Professional Finishes LLC | $437,992 | Count 15 |
| Boss Holdings, LLC | $394,481 | Count 16 |
| Independent Auto Care & Serv LLC | $672,890 | Count 17 |
| Food Chain Express LLC | $351,970 | Count 18 |
| Food Chain Express LLC | $1,198,348 | Count 19 |
| Miami Entertainment LLC | $2,501,259.45 | Count 20 |
| Total Amount of Loss | **$9,030,300.45** | **Acquitted** |

Because the jury acquitted the Defendant of substantive wire-fraud counts (Counts 3-20),

corresponding to $9,030,300.45, in various pandemic loan applications, those loans constitute 'acquitted conduct' and, under U.S.S.G. § 1B1.3(c), cannot be treated as relevant conduct in calculating her guideline range under U.S.S.G. §2B1.1. The loss amount must therefore be reduced from $32,953.704 to at least $23,923,403.55, or less, depending on scope/foreseeability. Since the adjusted loss amount was more than $9,500,000 but less than $25,000,000, the offense level is increased by 20 levels. As a result, the base offense level is 27, U.S.S.G. §2S1.1(a)(1).

7. The Defendant objects to paragraph 165 of the Pre-Sentence Investigation Report in that, based upon the objections raised herein, the Adjusted Offense Level should be 25.

8. The Defendant objects to paragraph 168 of the Pre-Sentence Investigation Report in that, based upon the objections raised herein, the Total Offense Level should also be 25.

9. The Defendant clarifies paragraph 175 of the Pre-Sentence Investigation Report. Although the Defendant pleaded no contest on the advice of her public defender, she wants the Court to know that she did not begin to yell and scream, interrupting the courtroom as reflected in the narrative, and did not attempt to resist her removal from the courtroom, nor did she kick or punch the deputy. The Defendant recently obtained a video recording of the entire incident from the Courtroom. The Defendant reports that this video does not reflect any of the accusations.

10. The Defendant would correct the Personal and Family Data section of the Pre-Sentence Investigation Report that her mother's name is Sandra Rowe, not Sandra Rolle.

11. The Defendant would correct paragraph 197 of the Pre-Sentence Investigation Report to reflect that when she was a child, on one occasion, after hearing gunshots, her mother asked her to go to her aunt's house, on her father's side, not to the store. Additionally, the Defendant's mother and stepfather are not legally married. The Defendant would also like to add that her

mother struck her in the head with a piece of the glass table. The Defendant still has scarring from the strike.

12. In regard to paragraph 212 of the Pre-Sentence Investigation Report, the Defendant obtained her own medical records pertaining to the surgery and treatment of her traumatic vaginal laceration before she was incarcerated. While U.S. Probation is still waiting on the hospital records, the undersigned counsel will provide probation with the 96 pages of records that were previously obtained.

13. The Defendant objects to paragraph 250 of the Pre-Sentence Investigation Report. Based upon the earlier objections made herein, if the Court were to sustain them, the Defendant would have a total offense level of 25 and a criminal history category of I. The guideline-recommended imprisonment range would be 57-71 months.

14. The Defendant objects to paragraph 264 of the Pre-Sentence Investigation Report. While the Defendant understands that the probation office has not identified any factors, prior to the time of sentencing, the Defendant will identify factors that may warrant a sentence departure and/or variance outside of the advisory guideline range. The Defendant intends to file a sentencing memorandum prior to the sentencing hearing.

WHEREFORE, the Defendant, LATOYA CLARK, respectfully requests this Honorable Court, based upon the above-stated grounds, to adopt the above-styled Corrections, Clarifications, and Objections to the Pre-Sentence Investigation Report prepared in this matter.

Respectfully submitted by,

JONATHAN S. FRIEDMAN, P.A.
ATTORNEY FOR LATOYA CLARK
101 N.E. 3RD AVENUE
SUITE 1500
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 713-2820
FACSIMILE: (754) 301-5109

**/S/ Jonathan S. Friedman**

JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 0973297

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2026, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, United States Attorney's Office, and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

/S/ Jonathan S. Friedman
_____
JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 0973297