UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 25-CR-80076-AMC-2

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALFRED DAVIS,

        Defendant.

_____/

**DEFENDANT ALFRED DAVIS'**
**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The Defendant, **Alfred Davis ["Mr. Davis"]**, by and through his undersigned counsel and pursuant to Fed. R. Crim. P. 32, respectfully submits the following objections to the Presentence Investigation Report ("PSR" or "Report):

**A. Objections to the PSR Affecting the Guidelines Calculations**

¶162: Mr. Davis agrees that his § 2B1.1 (a) (1) base offense level is seven. Mr. Davis objects to the PSR ascribing a $32,953,704.00 intended loss to him with a base offense level of 29 that corresponds to a guideline loss of more than $25,000,000.00 but not more than $65,000,000. Mr. Davis' position is that the +22 $25,000,000.00 but not more than $65,000,000 bump in the guidelines range should be reduced by two levels to the +20 $9,500,00.00 but not more than $25,000,000.00 increase in the guidelines range because his acquitted conduct in Counts 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, and 20 [$9,310,033.15] reduces the $32,953,704.00 intended loss attributed to him to $23,643,670.85. Against this reality, the starting

base offense level is a 27 and not a 29.  The arithmetic analysis grounding this view is incorporated into the following acquitted conduct table:

| Count 4 | Apex Home Solutions, LLC | $198,355.00 [¶120] |
|---|---|---|
| Count 5 | Evolve Financial Services | $178,258.00 [¶88] |
| Count 6 | Lentech Group Incorporated | $180,932.00 [¶141] |
| Count 7 | RBA Global, LLC | $176,652.00 [¶29] |
| Count 8 | Independent Auto Care | $461,305.00 [¶57] |
| Count 9 | Lyfe Concierge, LLC | $86,956.00 [¶38] |
| Count 10 | Jourdan Enterprises, LLC | $485,690.00 [¶106] |
| Count 11 | Supreme Clean 360, LLC | $73,148.00 [¶110] |
| Count 12 | Baxter's Management Group | $418,803.00 [¶35] |
| Count 13 | Grapevine Consulting, Inc | $451,000.00 [¶76] |
| Count 14 | Evolve Properties | $121,534.00 [¶92] |
| Count 16 | Boss Holdings, LLC | $394,481.00 [¶116] |
| Count 17 | Independent Auto Care | $672,890.00 [¶130] |
| Count 18 | Food Chain Express, LLC | $351,970.00 [¶61] |
| Count 19 | Food Chain Express, LLC | $1,198,348.00 [¶62] |
| Count 20 | Miami ENT, LLC | $2,501,259.45 [¶138]<br><br>$1,358,451.70 [¶139] |

| Total: | $9,310,033.15 |
|---|---|

¶167:  In maintaining all of this, Mr. Davis objects to the claim in ¶167 that his adjusted offense level is 31 and not 29.

¶¶ 143 and 169: In terms of ¶143 and without making any admissions, Ms. Elaine Escoe submits the Covid Relief loan applications.  With respect to ¶¶ 143 and 169, Mr. Davis objects to the § 3B1.1 (a) +4 organizer-leader enhancement because the evidence in this case does not support this finding.  Application Note 4 of § 3B1.1 (a) states that a +4 organizer-leader enhancement is applicable to a case when the following seven non-exhaustive checklist of factors exist in whole or in part in relation to a defendant's offense conduct:

| | |
|---|---|
| Exercise of decision-making authority. | The evidence adduced at trial fails to show Mr. Davis exercising meaningful decision making in this case. From a relevant conduct point of view, there is evidence that Mr. Davis directs Mr. James McGhow. |
| The nature of participation in the commission of the offense. | The evidence at trial shows Mr. Davis opening bank accounts; these accounts receiving PPP, EIDL, SVOG, and RRF funding; with check depositing-withdrawing activity between him and other individuals. |
| The recruitment of accomplices. | There is no decisive evidence produced at trial that Mr. Davis recruits accomplices other than Mr. James McGhow from a relevant conduct point of view. |
| The claimed right to a larger share of the fruits of the crime. | There is no evidence advanced at trial that decisively establishes this point in relation to Mr. Davis. |
| The degree of participation in planning or organizing the offense. | The evidence introduced at trial fails to fully factually flesh out this idea relative to Mr. Davis other than his interaction with Mr. James McGhow. |
| The nature and scope of the illegal activity. | The offense conduct in this case takes place between May 2020 and November 2021. Multiple loans-individuals-bank accounts, and banking activity are involved in this case. |
| The degree of control and authority exercised over others. | Although not mentioned in trial, Mr. Davis directs Mr. McGhow from a relevant conduct perspective. |

Mr. Davis submits that at best, the evidence in this case supports a § 3B1.1 (b) +3 manager-supervisor enhancement if the Honorable Court finds that Mr. Davis directed co-defendant James McGhow's criminal behavior from a relevant conduct point of view.  An individual qualifies for the +3 manager-supervisor enhancement if they exercise control-influence over at least one other participant in the offense conduct.  *United States v. Campa*, 529 F. 3d 980, 1013 [11th Cir. 2008].

¶¶170 and 236:  Mr. Davis agrees that his criminal history category is IV and that his +2 enhancement for a conviction under 18 U.S.C. § 1956 pursuant to §2S1.1 (b) (2) (B) is proper for sentencing purposes.    Assuming the Honorable Court ratifies Mr. Davis' position that his adjusted offense level is 29 [27 + 2] because of the acquitted conduct and its lack of a meaningful-foreseeability relationship with the non-acquitted conduct, the following sentencing schemes are at play:

| § 3B1.1 (a) +4 organizer-leader enhancement | 33 total offense level | 188-235 guideline range |
|---|---|---|
| § 3B1.1 (b) +3 manager-supervisor enhancement | 32 total offense level | 168-210 guideline range |

Mr. Davis submits that at most, his applicable presumptive sentencing guidelines range is 168-210 months because the evidence is more consistent with a § 3B1.1 (b) +3 enhancement rather than the § 3B1.1 (a) +4 enhancement.  Against the backdrop of this analysis, Mr. Davis objects to the PSR's view that his total offense level is 35 with a presumptive sentencing guidelines range of 235-293 months.

**B.  Objections to the PSR Not Affecting the Guidelines Calculations**

¶203:  Mr. Davis underwent an appendectomy in 1996 at Memorial West Hospital in Pembroke Pines, Florida.

¶206:  Mr. Davis undergoes double hip replacement surgery on January 31, 2023.

¶247:  Mr. Davis respectfully disagrees with the PSR view that there are no reasons for a downward variance in this case.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>March 4, 2026</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

JACOB A. COHEN, ESQ.
Law Offices of Jacob A. Cohen, PLLC
750 South Dixie Highway
Boca Raton, FL 33432
Telephone 561-715-7866
E-mail – jacob@jacobcohenlaw.com

By: <u>/s/ Jacob A. Cohen, Esq</u>.
    Jacob A. Cohen, Esq.
    Fla. Bar No. 0162530