**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 25-CR-80076-AMC**

**UNITED STATES**,
  **Plaintiff,**

**v.**

**GINO JOURDAN,**

  **Defendant**.

_____/

## DEFENDANT GINO JOURDAN'S MOTION FOR VARIANCE

COMES NOW, Defendant, GINO JOURDAN (hereinafter, "JOURDAN") by and through undersigned counsel, and respectfully requests this Honorable Court, pursuant to the Application Notes for *18 U.S.C. § 554,* § 5K2.0 & §5H1.4 of the Federal Sentencing Guidelines, and Title 18 U.S.C. § 3553(a) grant this motion for variance from the sentencing guidelines and states the following in support:

## STATEMENT OF RELEVANT FACTS

1. The government has charged JOURDAN as follows:

    a. Count Ten (10): Wire Fraud in Violation of Title 18 U.S.C. §1343

2. The evidence linking JOURDAN to the allegations show:

    a. Gino Jourdan (Jourdan) owned and controlled 360 Multi-Services, LLC, Jourdan Enterprises, LLC, and Supreme Clean 360, LLC.

    b. Jourdan registered 360 Multi-Services, LLC in the State of Florida, on September 24, 2020. On October 12, 2020, Jourdan opened a Truist Bank account on behalf of 360 Multi-Services.

c.  On March 25, 2021, Jourdan deposited a check, dated March 25, 2021, issued from a Truist Bank account in the name of Hair A La Mode, LLC into a Truist Bank account in the name of 360 Multi-Services. The amount of the check was $23,040

d.  On November 29, 2021, Jourdan deposited a check, dated November 29, 2021, issued a check from a TD Bank account in the name of Miami Ent into a Truist Bank account in the name of 360 Multi-Services. The amount of the check was $67,792.65 (Counts 38 and 56).

e.  On March 25, 2021, Jourdan deposited a check, dated March 25, 2021, from a Truist Bank account in the name of Hair A La Mode LLC into a Truist Bank account in the name of 360 Multi-Services. The amount of the check was $23,040 (Count 48).

f.  In total, the PPP beneficiaries issued $969,268.90 in kickback checks to 360 Multi-Services LLC.

g.  Jourdan registered Jourdan Enterprises, LLC in Florida, on October 19, 2015. It was reinstated on June 13, 2020.

h.  On June 16, 2020, Jourdan opened a Bank of America account on behalf of Jourdan Enterprises. On June 25, 2020, a PPP application was submitted to Kabbage for Jourdan Enterprises. On June 30, 2020, a PPP loan from Cross River Bank, in the amount of $485,690, posted Jourdan Enterprises' Bank of America account (Count 10).

i.  On April 1, 2021, Jourdan deposited a check, dated March 29, 2021, issued from a Wells Fargo account in the name of King Marketing Group, LLC into a Bank of

America account in the name of Jourdan Enterprises. The amount of the check was $32,500 (Counts 33 and 51).

j.   In total, the PPP beneficiaries issued $266,751 in kickback checks to Jourdan Enterprises.

k.   Jourdan registered Supreme Clean 360, LLC in the State of Florida, on July 8, 2019. The bank accounts for Supreme Clean 360 are not known.

l.   Supreme Clean 360 received a fraudulent PPP loan, which was paid to the account in the name of Jourdan Enterprises. On June 26, 2020, a PPP application was submitted to Kabbage for Supreme Clean 360. On June 30, 2020, a PPP loan from Cross River Bank, in the amount of $73,148, posted to Jourdan Enterprises' Bank of America account (Count 11).

m.   After receiving the PPP loan for Jourdan Enterprises and Supreme Clean 360, Jourdan issued checks to Tastetunup, Independent Auto, Evolve Financial Services, and RBA Global.

n.   In total, the PPP beneficiaries issued approximately $102,203 in kickback checks to Supreme Clean 360.

3.   JOURDAN has been happily married to his wife, Rickie Jourdan, since 2025. His wife, age 39, is a personal injury attorney and owns her own practice, MJPA Law, PLLC.

4.   JOURDAN is a father to 3 girls (ages 17, 10 and 6) and a step-father to 1 boy (age 13). JOURDAN's oldest daughter is attending college and maintains a close relationship with her father and step-mother. JOURDAN's middle-daughter, age 10, has had significant cardiac health issues and needs daily medicine and care. JOURDAN takes his role as a father figure as his most important job and is committed to supporting and providing for

all of his children. He maintains a close relationship and is the father figure for his step-son. JOURDAN fondly reflects on their shared love for sports.

5. Since 2025, JOURDAN has resided in Loxahatchee, Florida. The defendant's supervising U.S. Probation Officer in the Southern District of Florida observed JOURDAN maintains his residence in Loxahatchee and resides with his wife and children.

6. JOURDAN attended high school at Survivors Charter School where he completed the tenth grade.

7. In 2006, JOURDAN earned his GED which would later lead to his attendance at Palm Beach State in 2021 where he completed some college.

8. In 2021, JOURDAN successfully earned his Real Estate License.

9. JOURDAN has over 20 years of professional working experience working in the restaurant industry, dry cleaning companies and eventually working in the legal community as a Law Office Manager.

## **LEGAL STANDARD**

Pursuant to *United States vs. Booker*, 343 U.S. 220 (2005), the federal sentencing process has adopted a three-step approach.  First, the Court is to resolve any disputed guideline issues and determine the advisory guideline range.  Second, the Court is to consider if there are any factors that may warrant a departure from the advisory guideline range.  Lastly, the Court is to consider all the sentencing factors of Title 18 U.S.C. § 3553(a) and impose a sentence which is "reasonable" and not greater than necessary to achieve the sentencing objectives as set forth in Title 18 U.S.C. § 3553(a).

## **TITLE 18 U.S.C. § 3553(a) FACTORS**

The sentence suggested in JOURDAN's case *sub judice* is plainly "unreasonable" under *Booker* and a proper consideration of the applicable § 3553(a) factors, especially: (1) the nature

and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational [and] correctional treatment; and (3) the kinds of sentences available:

*The nature and circumstances of the offense.* The Court has been versed on the nature and circumstances of the offense.

*The kinds of sentences available.* Perhaps the most significant factor for this Court's consideration is JOURDAN's early and unequivocal acceptance of responsibility. From the outset of this case, JOURDAN made the conscious decision not to contest the charges against him and instead accept responsibility for his conduct. Rather than forcing the government to expend extensive resources preparing for trial, JOURDAN promptly advised the government of his intention to resolve the case and participated in a reverse proffer. At no point during that process did JOURDAN dispute the facts presented to him.

*The history and characteristics of the defendant.* JOURDAN consistently provides financial support to both his 4 children, his wife, as well as the mother of his children. JOURDAN suggests to this Court that the responsibilities of fatherhood and his desires to provide for his family are of paramount concern to him and he realistically hopes that this Court will enable him to continue to provide for their welfare. JOURDAN is a near lifelong member of the community and is an excellent candidate for rehabilitation.

The proposed Guidelines sentence computation substantially overstates the seriousness of the crime. This crime did not consist of any violent acts, and nobody was injured by violence. JOURDAN's sentence should be less than the Guidelines recommendation. JOURDAN has, by

pleading to the Indictment, and will at the time of sentencing, provide extraordinary acceptance of responsibility; and, JOURDAN has family ties and obligations which strongly support a sentence below the advisory Guidelines range. JOURDAN is a devoted father and the primary provider for his family, and his continued presence and ability to support his household are critical to their stability and well-being. When considered together with his early acceptance of responsibility and willingness to resolve this matter without burdening the Court or the government with extensive litigation, these factors demonstrate that a Guidelines sentence would be greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Notwithstanding the advisory guideline range, "The Court shall impose a sentence sufficient but not greater than necessary" to comply with the factors set forth in Title 18 U.S.C. § 3553(a). *Contra*, *United States vs. Booker*, 543 U.S. 220 (2005), *Gall vs. United States*, 128 S.Ct. 586 (2007), and *Kimbrough vs. United States*, 128 S.Ct. 558 (2007). The court, in *Nelson vs. United States*, 129 S.Ct. 890 (2009), cited to *Rita vs. United States*, 551 U.S. 338 (2007) that "The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." JOURDAN seeks an opportunity to become a worthwhile member of society.

Furthermore, a review of the sentencing factors set forth in 18 U.S.C. § 3553(a) demonstrates that a sentence of incarceration is not necessary to achieve the purposes of sentencing in JOURDAN's case. JOURDAN accepted responsibility for his conduct early in these proceedings and did so without requiring the government or this Court to expend resources litigating defensive motions or preparing for trial. His decision to acknowledge wrongdoing and resolve the case at an early stage reflects genuine acceptance of responsibility, respect for the law, and a meaningful step toward rehabilitation. When considered alongside JOURDAN's strong family ties, his role as a provider and father, and his demonstrated ties to the community, these

factors weigh heavily in favor of a sentence that emphasizes rehabilitation and accountability rather than incarceration. Such a sentence would be sufficient, but not greater than necessary, to satisfy the objectives of 18 U.S.C. § 3553(a).

**CONCLUSION**

Wherefore, based on the foregoing reasons, GINO JOURDAN respectfully requests that the Court grant this Motion for variance and the relief requested herein and any and all relief this Honorable Court deems necessary and just.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Michael D. Weinstein……………….
MICHAEL D. WEINSTEIN