**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:25-cr-80076-AMC**

**UNITED STATES OF AMERICA**

**vs.**

**ALFRED DAVIS,**
**CHER DAVIS,**
**GINO JOURDAN,**
**LATOYA CLARK, and**
**JAMES McGHOW,**

      **Defendants.**

                              /

**GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO**
**DEFENDANTS' MOTIONS FOR DOWNARD VARIANCES**

The government files this sentencing memorandum, incorporating herein its previous pleading filed in docket entry 232, in which the government responded to various objections to PSRs. This pleading is meant to respond to motions for variance and to give the Court an idea as to the sentences that will likely be requested by the government.

**I.    ALFRED DAVIS:**

As explained previously, the government's position is that the PSR correctly holds ALFRED DAVIS accountable for a $32,953,704 total loss amount and the four-level enhancement for leader/organizer. The government agrees with the guideline calculations in the PSR, which recommend an imprisonment range of 235 to 293 months. For ALFRED DAVIS, the government expects to recommend a sentence toward the low end of the guidelines. Alfred DAVIS was heavily involved in setting up bank accounts to facilitate the movement of fraudulently obtained money and received a large share of the proceeds. The PSR guideline range takes into account the high

1

loss amount, his role in the offense, and his criminal history.  ALFRED DAVIS is 52 years old. In the government's view, a sentence of approximately 20 years serves the purposes of § 3553(a). The government opposes DAVIS's request to run his sentence concurrent with his 75-month sentence that he is serving in Case No. 24-CR-20456-RAR-1.

### II.      CHER DAVIS:

As explained previously, the government's position is that the PSR correctly holds CHER DAVIS accountable for a $32,953,704 total loss amount and no role enhancement.  The government agrees with the guideline calculations in the PSR, which recommend an imprisonment range of 87 months to 108 months.  Like Alfred Davis, CHER DAVIS also received funds from companies that obtained fraudulent COVID relief loans.  CHER DAVIS created fake supporting documents that were used to submit fraudulent loan applications.  For CHER DAVIS, the government expects to recommend a sentence toward the low end of the guidelines.  CHER DAVIS is 54 years old and unlike ALFRED DAVIS, has zero criminal history points, making her a zero-point offender.  CHER DAVIS's sentencing memorandum outlines other factors favoring a low-end guidelines sentence.  In the government's view, a sentence of approximately 87 months serves the purposes of § 3553(a).

### III.     GINO JOURDAN

As explained previously, the government's position is that the PSR correctly holds JOURDAN accountable for a $32,953,704 total loss amount and no role enhancement. JOURDAN pleaded guilty, received acceptance of responsibility, and is a zero-point offender. Like Alfred and Cher Davis, JOURDAN also received funds from companies that obtained fraudulent COVID relief loans.   As part of his plea agreement, JOURDAN agreed that he opened and controlled accounts for companies and used those accounts to receive and move the proceeds

of the scheme.  He also assisted with laundering the ill-gotten gains by depositing kickback checks from PPP beneficiaries, issuing checks, purchasing cashier's checks, and withdrawing cash.  See *Factual Basis,* Docket Entry 98.  The government agrees with the guideline calculations in the PSR, which recommend an imprisonment range of 51 months to 63 months.  JOURDAN has several arrests, but zero criminal history points.   For JOURDAN, the government expects to recommend a sentence toward the low end of the guidelines.   JOURDAN's sentencing memorandum outlines other factors favoring a low-end guidelines sentence.  In the government's view, a sentence of approximately 51 months serves the purposes of § 3553(a).

## IV.    LATOYA CLARK

As explained previously, the government's position is that the PSR correctly holds CLARK accountable for a $32,953,704 total loss amount and no role enhancement.  The government agrees with the guideline calculations in the PSR, which recommend an imprisonment range of 108 months to 135 months.  CLARK was a signatory on several bank accounts that received ill-gotten gains from the conspiracy.  CLARK was also a co-owner of one company with co-defendant Elaine Escoe (Luxx Lashes by Lay LLC), which received ill-gotten gains in several bank accounts. CLARK personally opened eight bank accounts within about 36 days for the companies previously mentioned, for the purpose of receiving or laundering ill-gotten gains.   CLARK's companies are directly connected to dozens of fraudulent loans.  For CLARK, the government expects to recommend a sentence at the low end of the guidelines.  CLARK is 39 years old and has a large amount of prior arrests, and although she is criminal history category I, she is not a zero-point offender.  She was also arrested while on bond in this case prior to trial.  However, there are mitigating factors, such as being the victim of traumatic domestic violence, so it is the government's position that a sentence at the low end—108 months—serves the purposes of § 3553(a).

## V.    JAMES McGHOW

As explained previously, the government's position is that the PSR correctly holds McGHOW accountable for a $32,953,704 total loss amount and no role enhancement.  McGHOW pleaded guilty, received acceptance of responsibility, and is a zero-point offender.  McGHOW was a signatory on a bank account that received ill-gotten gains from the conspiracy.   McGHOW also opened and controlled accounts for companies, including Apex Home Solutions LLC, and used those accounts to receive and move the proceeds of the scheme. McGHOW, for the benefit of himself and his co-defendants, deposited kickback checks from PPP beneficiaries, issued signed blank checks, purchased cashier's checks, and withdrew cash. For example, as a result of a false and fraudulent application, a PPP loan in the amount of $198,355 was deposited into an Apex Home Solutions account, at PNC Bank, which was controlled by McGHOW.  The government agrees with the guideline calculations in the PSR, which recommend an imprisonment range of 51 to 63 months.  McGHOW has several arrests, but zero criminal history points.   For McGHOW, the government expects to recommend a sentence toward the low end of the guidelines.  McGHOW sentencing memorandum outlines other factors favoring a low-end guidelines sentence.  In the government's view, a sentence of approximately 51 months serves the purposes of § 3553(a).

JASON A. REDING QUINONES
UNITED STATES ATTORNEY
By:/s/ Marton Gyires
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
A#5501696
Email: marton.gyires@usdoj.gov
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561-209-1047

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court

using CM/ECF, which will transmit notice to any attorneys of record.


/s/ Marton Gyires
MARTON GYIRES
Assistant United States Attorney